UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JARED C. ANDERSON,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>          Defendant. | )<br>) No. CV-09-220-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on June 4, 2010 (Ct. Rec. 13, 15). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On April 20, 2010 plaintiff filed a reply (Ct. Rec. 17). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) on January 26, 2007, alleging disability beginning

July 1, 2004 (Tr. 81-82, 83-86,45). The applications were denied initially and on reconsideration (Tr. 55-58,60-61,62-63).

At a hearing before Administrative Law Judge (ALJ) Paul Gaughen on February 25, 2009, plaintiff, represented by counsel, and psychology expert Arthur Lewy, Ph.D., testified (Tr. 29-50). On March 25, 2009, the ALJ issued an unfavorable decision (Tr. 16-24). The Appeals Council denied review on June 15, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on July 21, 2009 (Ct. Rec. 1,4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both parties, and are briefly summarized here.

Plaintiff was 29 years old at the hearing (Tr. 36). He graduated from high school and completed a year of college in 1999 or 2006 (Tr. 36,45,48,102,170). He has worked loading newspapers, performing motel grounds maintenance, and washing dishes (Tr. 37-38,99). Plaintiff is licensed and drives (Tr. 43).

Plaintiff testified he takes no prescribed medications (Tr. 44). Due to left leg pain, he can sit or stand 30-60 minutes, walk one mile and lift 10-20 pounds (Tr. 38-40). In the past 2-3 years, he experienced dizziness and blacked out about four times. He has not seen a doctor for a while (Tr. 41-43).) Plaintiff sleeps 5-7 hours nightly, has shortness of breath due to stress, anxiety, and dislikes being around people. He suffers memory problems and has

1  been depressed for a long time (Tr. 41-42, 44-46). Activities

2  include field service with his church, walking, shopping, riding

3  the bus, and seeing a counselor twice weekly. He attended college

4  full time in 2005-2006 (Tr. 42-43, 45-46).

**SEQUENTIAL EVALUATION PROCESS**

6      The Social Security Act (the Act) defines "disability"

7  as the "inability to engage in any substantial gainful activity by

8  reason of any medically determinable physical or mental impairment

9  which can be expected to result in death or which has lasted or

10  can be expected to last for a continuous period of not less than

11  twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act

12  also provides that a Plaintiff shall be determined to be under a

13  disability only if any impairments are of such severity that a

14  plaintiff is not only unable to do previous work but cannot,

15  considering plaintiff's age, education and work experiences,

16  engage in any other substantial gainful work which exists in the

17  national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

18  Thus, the definition of disability consists of both medical and

19  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

20  (9th Cir. 2001).

21      The Commissioner has established a five-step sequential

22  evaluation process for determining whether a person is disabled.

23  20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

24  is engaged in substantial gainful activities. If so, benefits are

25  denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not,

26  the decision maker proceeds to step two, which determines whether

27  plaintiff has a medically severe impairment or combination of

28  impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920,921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111,1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 4 -

then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a
Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993,995 (9th
Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th
Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599,601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573,576 (9th Cir. 1988). Substantial evidence "means such evidence
as a reasonable mind might accept as adequate to support a
conclusion." *Richardson v. Perales*, 402 U.S. 389,401 (1971)
(citations omitted). "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld. *Mark v. Celebrezze*, 348 F.2d 289,293 (9th Cir. 1965). On
review, the Court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner. *Weetman v.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 5 -

1 *Sullivan,* 877 F.2d 20,22 (9th Cir. 1989)(*quoting Kornock v.*
2 *Harris*, 648 F.2d 525,526 (9th Cir. 1980)).

3    It is the role of the trier of fact, not this Court, to
4 resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
5 evidence supports more than one rational interpretation, the Court
6 may not substitute its judgment for that of the Commissioner.
7 *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577,579 (9th
8 Cir. 1984). Nevertheless, a decision supported by substantial
9 evidence will still be set aside if the proper legal standards
10 were not applied in weighing the evidence and making the decision.
11 *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,
12 433 (9th Cir. 1987). Thus, if there is substantial evidence to
13 support the administrative findings, or if there is conflicting
14 evidence that will support a finding of either disability or
15 nondisability, the finding of the Commissioner is conclusive.
16 *Sprague v. Bowen*, 812 F.2d 1226,1229-1230 (9th Cir. 1987).

17                              **ALJ'S FINDINGS**

18    At the outset, the ALJ found plaintiff met the DIB
19 requirements and was insured through June 30, 2008 (Tr. 16,18).
20 The ALJ noted although onset is alleged beginning July 1, 2004,
21 the first medical record is dated in April of 2005 (Tr. 19,
22 referring to Exhibit 7F). At step one the ALJ found plaintiff has
23 worked since onset but earned less than required for substantial
24 gainful activity (SGA)(Tr. 18). At step two ALJ Gaughen found
25 plaintiff suffers from no medically determinable impairment (Tr.
26 18). He found plaintiff less than completely credible (Tr. 19-23).
27 At step two the ALJ found plaintiff is not disabled as defined by
28 the Social Security Act (Tr. 24).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 6 -

**ISSUES**

Plaintiff contends the ALJ erred as a matter of law when he failed to find Mr. Anderson suffers from a medically determinable psychological or physical impairment.

With respect to psychological impairment, plaintiff alleges the ALJ failed to properly credit the opinions of several examining psychologists: (a) John Arnold, Ph.D. (September 2004 and March 2005); (b) Jay Toews, Ed.D. (December 2005); (c) Mahlon Dalley, Ph.D. (2007 and 2008); (d) James Bailey, Ph.D. (March 2007); and (e) Gary Lauby, Ph.D. (January 2007) (Ct. Rec. 14 at 8-15). He alleges the ALJ failed to properly credit the opinion of the testifying expert, Arthur Lewy, Ph.D. (Ct. Rec. 14 at 12-13).

Plaintiff similarly alleges the ALJ erred when he failed to find Mr. Anderson suffers from a medically determinable physical impairment by rejecting the 2009 opinion of treating doctor Duncan Lahtinen, D.O. (Ct. Rec. 14 at 13-14). The Commissioner responds because the ALJ's decision is supported by substantial evidence and free of legal error, it should be affirmed (Ct. Rec. 16 at 17,19-20).

**DISCUSSION**

**A. Weighing medical and lay evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                   - 7 -

medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341,345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597,604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821,830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587,592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435,1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d at 1042-43 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 8 -

Cir. 1995).

Acceptable medical sources, as defined by the applicable regulations, do not include physician's assistants. See C.F.R. 404.1527(a)(2); SSR 06-03p. Opinions from other medical sources [such as PA's] are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence. SSR 06-03p. In some situations it may be even appropriate to give more weight to a medical source opinion from a non-"acceptable medical source" than to the opinion of a treating "acceptable medical source." Such a situation might arise if the non-acceptable source has seen the person more often than the treating source and has provided better supporting evidence and a better explanation of his or her opinion. *See* SSR 06-03p.

Testimony by a lay witness provides an important source of information about a claimant's impairments. An ALJ can reject it only by giving specific reasons germane to each witness. *Smolen v. Chater*, 80 F.3d 1273,1288-1289 (9th Cir. 1996).

**B. Psychological impairment**

As noted, plaintiff argues the ALJ improperly weighed several opinions when he determined Mr. Anderson does not suffer from a medically determinable psychological impairment (Ct. Rec. 14 at 8-13). The Commissioner answers that ALJ rejected the contradicted opinions by relying on (1) the opinion of Debra Brown, Ph.D., another examining psychologist; (2) activities during the relevant period inconsistent with assessed limitations, including attending college and working at times; (3) to the extent the contradicted opinions are based on plaintiff's unreliable self-report, they are entitled to little weight, and (4) despite complaints of disabling

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

symptoms and some examiners assessing marked and moderate
limitations, plaintiff has failed to follow through with treatment
recommendations of counseling and medication (Ct. Rec. 16 at 7-
17).

The Commissioner is correct. The ALJ's reasons are specific,
legitimate, and supported by substantial evidence.

The ALJ observes the opinions of some of the examiners are
contradicted by other evidence, including Dr. Brown's diagnosis of
malingering on August 18, 2005 (Tr. 20;175). Significantly,
plaintiff mentions the diagnosis but assigns no error to the ALJ's
treatment of the diagnosis.

Dr. Brown notes plaintiff saw Dr. Arnold twice for
evaluation[1]. On both occasions he diagnosed dysthymia and
personality disorder NOS with schizoidal, depressive, and
dependent features (Tr. 254,258). Although Dr. Arnold opined
plaintiff could benefit from antidepressant medication and
psychotherapy, Dr. Brown notes plaintiff "has not done either
although he continues to claim he is depressed," nearly a year
after Dr. Arnold's first evaluation (Tr. 178). Plaintiff alleges
he has heart problems and his nails spontaneously turn black and
fall off. Dr. Brown notes plaintiff's nails appear intact. He
alleges migraine headaches and seizures; Dr. Brown notes plaintiff
fails to describe either condition, asking what it means to have a
migraine (Tr. 178). Mr. Anderson alleged memory problems until Dr.
Brown pointed out his college grade point average of 3.5 in the

---

[1]Dr. Brown evaluated plaintiff September 27, 2004 (Tr. 257-260) and March 30, 2005 (Tr. 253-256).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 10 -

past year contradicts the claim. Dr. Brown observes when questioned plaintiff gave vague, contradictory answers (Tr. 178,181).

As noted, plaintiff indicated he has never received counseling. A month ago he drank too much and last used marijuana four months earlier. On the Rey test of Malingering, plaintiff scored 4 of 15. People with mild retardation score at least 9 of 15, according to Dr. Brown (Tr. 179). She points out plaintiff's scores on the PAI are not interpretable because results show a likely "fake bad" profile due to over-reporting (Tr. 179-180).

Dr. Brown diagnosed malingering in part based on plaintiff's recent college GPA of 3.5, depression not severe enough to seek any type of treatment despite Dr. Arnold's recommendation, test results, and vague answers. She opined Mr. Anderson could work (Tr. 181).

The ALJ observes on March 14, 2006, Dr. Brown reviewed Dr. Toews's evaluation conducted three months earlier[2] diagnosing major depressive disorder, chronic, of mild to moderate severity. She opined it highly likely Dr. Toews diagnosed depression only because plaintiff "gave him descriptions of symptoms" (Tr. 182). She notes Mr. Anderson complained to Dr. Toews prozac was not effective. Dr. Brown observes plaintiff's failure to follow up to increase the dose or try another drug impairs credibility. She points out plaintiff sees psychologists for disability evaluations

---

[2] Dr. Toews evaluated plaintiff about eleven months after onset, on December 12, 2005 (Tr. 169-173). He assessed a GAF of 60 indicating moderate symptoms or functional difficulty (Tr. 172).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

rather than treatment as Mr. Anderson told her he never received counseling. She observes Dr. Toews diagnosed a learning disorder, NOS, by history, clearly relying on plaintiff's [in her view] unreliable statements (Tr. 183). Dr. Brown opined her testing yields more accurate assessments than clinical interviews (Tr. 182-183).

Dr. Lewy testified plaintiff does not meet the full diagnostic criteria for either depressive disorder, NOS or personality disorder, NOS. He diagnosed anxiety disorder, NOS (Tr. 31-32). Dr. Lewy assessed moderate limitations in functioning in several areas: (1) social functioning and maintaining concentration, persistence, and pace; (2) working in coordination with or proximity to others; (3) interacting appropriately with the public; (4) accepting instructions and responding appropriately to criticism from supervisors; (5) getting along with peers, and (6) responding appropriately to changes in the work place (Tr. 33-35). Dr. Lewy opined plaintiff's work should be limited to brief, occasional contact with co-workers or the public (Tr. 35).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 19-23). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683,688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035,1039 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 12 -

1995). However, the ALJ's findings must be supported by specific

cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229,1231 (9th Cir.

1990). Once the claimant produces medical evidence of an

underlying medical impairment, the ALJ may not discredit testimony

as to the severity of an impairment because it is unsupported by

medical evidence. *Reddick v. Chater*, 157 F.3d 715,722 (9th Cir.

1998). Absent affirmative evidence of malingering, the ALJ's

reasons for rejecting the claimant's testimony must be "clear and

convincing." *Lester v. Chater*, 81 F.3d 821,834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify

what testimony not credible and what evidence undermines the

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.

Shalala*, 12 F.3d 915,918 (9th Cir. 1993).

Although there is evidence of malingering, the ALJ gave clear

and convincing reasons for his credibility assessment. Several

include: (1) diagnosed malingering; (2) activities inconsistent

with the degree of impairment alleged, including earning good

grades in college during the relevant period; (3) lack of

treatment, and (4) inconsistent statements (Tr. 19-23.)

The record supports the ALJ's reasons.

During the relevant period (July 1, 2004 through March 25,

2009, as noted, plaintiff earned a GAP of 3.5 in college (Tr.

178). He shopped, walked, used public transportation, and drove

(Tr. 107); cooked, exercised at a gym, read at the library, worked

part-time (though not consistently) and took an evening sculpture

class (Tr. 106,108,123,142). Hobbies include drawing, painting,

caring for pets, church activities, and seeing friends regularly

(Tr. 104-105,108,169). Attending school is an activity which is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 13 -

inconsistent with an alleged inability to perform work. *Matthews v. Shalala*, 10 F.3d 678,680 (9th Cir. 1993).

The ALJ properly relied on plaintiff's unexplained failure to obtain mental health treatment, including medication, for allegedly severe mental limitations (Tr. 20; 178,183). The lack of consistent treatment can cast doubt on a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989).

The ALJ properly considered plaintiff's inconsistent statements. He observes allegations of disabling mental impairment are most notably undermined by plaintiff's former employer (Tr. 23-24,112-113). Dock foreman Mike Giese states plaintiff had a positive attitude. He was on time for all shifts, sick one day and called ahead to arrange coverage, and was "well liked by all" (Tr. 23-24;112-113[3]). Contrary to many assessments, according to Mr. Giese, plaintiff had no problem with instructions and was able to work alone. With respect to responding to changes at work, plaintiff was "easy going and copes with whatever comes along" (Id).

Wholly inconsistent with Mr. Giese's opinion, plaintiff testified his job at the newspaper in 2007 ended

> Because my leg was really throbbing and hurting to – and the bosses were asking me what was going on because they could tell that my personality wasn't helping me during the job, because of my leg, my personality and my mental awareness of what was going on."

(Tr. 47).

---

[3]Plaintiff worked for this employer, the Spokesman Review, from July 1998 until February 2003. He was rehired December 30, 2006 (Tr. 24,112).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

1    The ALJ notes plaintiff stated he quit working after he was
2  hit by a car; at other times, mental impairments ended his
3  employment (Tr. 22).

4    The ALJ appropriately relied on plaintiff's activities, lack
5  of treatment, and inconsistent statements when he assessed
6  credibility (Tr. 19-23). The ALJ's reasons are clear, convincing,
7  and fully supported by the record. *See Thomas v. Barnhart*, 278
8  F.3d 947,958-959 (9th Cir. 2002)(proper factors include
9  inconsistencies in plaintiff's statements, inconsistencies between
10 statements and conduct, and extent of daily activities).
11 Noncompliance with medical care or unexplained or inadequately
12 explained reasons for failing to seek medical treatment also cast
13 doubt on a claimant's subjective complaints. 20 C.F.R. §§
14 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir.
15 1989).

16   The ALJ's reasons for rejecting some of the assessed
17 limitations are specific, legitimate and supported by the record.
18 He observes many opinions appear to rely on plaintiff's subjective
19 reports of limitations and symptoms (Tr. 20,22-23;182-183). An ALJ
20 is not required to credit opinions based on a claimant's
21 unreliable self reporting. *Bayliss v. Barnhart*, 427 F.3d 1211,1216
22 (9th Cir. 2005).

23   The ALJ points out Mr. Anderson's employer paints a picture
24 inconsistent with claimed severe psychological impairment (Tr. 23-
25 24), a key reason the ALJ found no medically determinable
26 impairment. This alone is a specific and legitimate reason to
27 reject marked and/or moderate limitations assessed by some of the
28 examining psychologists and by Dr. Lewy: the limitations are

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 15 -

contradicted by other evidence. The wide range of assessments include, in part (1) in 2005, Dr. Arnold assessed a GAF of moderately severe symptoms (Tr. 254); (2) in December 2005, Dr. Toews assessed a GAF of 60 (Tr. 172); (3) In January 2007, Dr. Lauby assessed a GAF of 41 indicative of serious impairment in functioning (Tr. 252); and (4) in January of 2008, Dr. Dalley assessed a GAF of 53 indicating moderate difficulty in functioning (Tr. 328). The ALJ rejected contradicted opinions primarily for the specific, legitimate reason that he relied instead on the opinion of plaintiff's former employer.

The ALJ must make findings setting forth specific, legitimate reasons for rejecting treating and examining physicians' opinions. *Lester*, 81 F.3d at 830-831 99th Cir. 1995). It is not error to omit limitations the ALJ properly found not credible. *Bayliss*, 427 F.3d at 1217 (9th Cir. 1989); *see also Fair*, 885 F.2d at 605 (9th Cir. 1989). The ALJ's determination is supported by substantial evidence.

The ALJ notes assessed moderate and marked limitations are further undermined by plaintiff's reported activities during the relevant time frame. As noted Mr. Anderson attended college full time and earned good grades. He reported engaging in social activities and using public transportation, two activities (among others) inconsistent with, for example assessed markedly severe social withdrawal (Tr. 245).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747,751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 16 -

*Richardson*, 402 U.S. at 400. The court has a limited role in
determining whether the ALJ's decision is supported by substantial
evidence and may not substitute its own judgment for that of the
ALJ, even if it might justifiably have reached a different result
upon de novo review. 42 U.S.C. § 405 (g).

Plaintiff has the burden of establishing disability, meaning
"the inability to engage in any [SGA] by reason of any medically
determinable . . . mental impairment which . . . has lasted or can
be expected to last for a continuous period of not less than 12
months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). At step two if
the ALJ finds any medically determinable impairment, he must
determine whether this impairment "significantly limits [a
plaintiff's] physical or mental ability to do basic work
activities." 20 C.F.R. § 416.920(c); *Bowen v. Yuckert*, 482 U.S.
137,141 (1987). The ALJ's step two finding plaintiff fails to
establish a medically determinable mental impairment is fully
supported by the record and free of error.

**C. Evidence of physical impairment**

At step two the ALJ found plaintiff suffers no medically
determinable physical impairment (Tr. 22-24), relying on Mr.
Anderson's noted lack of credibility, including diagnosed
malingering. The ALJ observes plaintiff's complaints lack any
medical support. Plaintiff complained of seizures. An EEG was
normal. Plaintiff stopped complaining of seizures (Tr. 20-22;
166,272,285-287,306-307,310). He complained of "nerve damage"
throughout the record, before and after 2007 nerve conduction
studies came back normal (Tr. 306). Similarly, back and pelvic
MRI's and a bone scan are normal (Tr. 285-286, 310), despite Dr.

Lahtinen's RFC for sedentary work in February 2009 (Tr. 342).

ALJ Gaughen considered credibility when weighing evidence of physical impairment. He observed plaintiff has shown an ability to work, including working at the newspaper from December 2006 to January 2007, although at less than SGA levels (Tr. 21, 262). The ALJ points out reported inability to sit or stand for prolonged periods and alleged shoulder problems are not reflected in the medical records; nor is it a complaint for which plaintiff has recently sought treatment (Tr. 22). As with the evidence of psychological limitation, the ALJ notes the former employer reported no problems in work performance (Tr. 23-24, 112-113) and no need for special accommodations.

The ALJ observes Dr. Lahtinen assessed an RFC for sedentary work on January 15, 2009 (Tr. 22,342)(more than four years after onset). Plaintiff alleges the ALJ improperly rejected this opinion.

Dr. Lahtinen opined plaintiff suffers "very significant" interference with the ability to perform basic work-related activities including sitting, standing and walking (Tr. 342). He estimated onset as of October 2006. Dr. Lahtinen expected limitations due to pain in the left leg and lumbar spine to last 3 months without conservative treatment; he "will be providing care" (Tr. 341-343). The are no records of Dr. Lahtinen's treatment thereafter.

About a month after Dr. Lahtinen's evaluation, plaintiff testified he had not seen a doctor for "a while" and took no prescribed medication. The clear inference is plaintiff's conduct contradicts Dr. Lahtinen's opinion. The Commissioner's findings

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 18 -

must be upheld if they are supported by inferences reasonably
drawn from the evidence. *Tommasetti v. Astrue*, 533 F.3d 1035,1038
(9th Cir. 2008). In the court's view, any error created by the ALJ
failing to explicitly reject Dr. Lahtinen's opinion is clearly
harmless since it would not change the result. *Burch v. Barnhart*,
400 F.3d 676,679 (9th Cir. 2005).

The ALJ is responsible for reviewing evidence and resolving
conflicts. *Magallanes*, 881 F.2d at 751 (9th Cir.1989). If evidence
supports more than one rational interpretation, the court must
uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577,579
(9th Cir. 1984).

The record abundantly supports the ALJ's determination.
Plaintiff told Dr. Toews in December 2005 he planned to take scuba
diving classes (Tr. 169). He worked out a gym daily and lifted
weights in 2006 (Tr. 235,239); ran a lot on the treadmill in May
of 2008 (Tr. 370); and, four months later, hiked with his brother
(Tr. 400).

Plaintiff fails to meet his burden of establishing the
existence of a medically determinable physical impairment.

After review the Court finds the ALJ's assessment of the
evidence is supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this
court finds the ALJ's decision is free of legal error and
supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is
**GRANTED.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 19 -

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 19th day of July, 2010.


                         s/ James P. Hutton
                         JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 20 -